Filed 3/4/26  Estate of Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)
----

Estate of CARMEN JEANETTE JONES, Deceased

| | |
|---|---|
| JOYCE HARRIS, | C103003 |
| Petitioner and Respondent, | (Super. Ct. No. 08PR0014) |
| v. | |
| RAYMOND P. HARRIS, | |
| Objector and Appellant. | |

Based on the notice of appeal and the attachments to that notice, appellant Raymond P. Harris has appealed a ruling made by the trial court in a dispute regarding property held in a trust created by Carmen Jeannette Jones (deceased).  Due to common last names, we will refer to the parties and the deceased by their first names.  After Carmen died, Raymond's brother and sister-in-law, Terry and Joyce Harris, became trustees of the trust.  When Terry died, Joyce became the sole trustee.  In 2022, Raymond sought an accounting of the trust assets, and Joyce sought to have her responsive papers approved as a final accounting and distribution.

1

In November 2024, the trial court entered a ruling in which it found (1) that Joyce had acted as a reasonable and prudent fiduciary and trustee and properly accounted for assets and liabilities in the trust; and (2) that there were "no assets remaining to be distributed; and that even if there were any such assets their value is outweighed by Raymond's court-ordered obligations to [p]ay Joyce for legal fees and costs." As best we can tell, based on the ruling, the legal fees owing were generated by a "decade and a half" of Joyce needing to engage counsel to "defend her decisions from a very aggressive and persistent Raymond." The trial court approved the final account.

Raymond made a motion for reconsideration, which the trial court denied. This appeal followed.

We deny the appeal and affirm the trial court's rulings on the grounds that Raymond's opening brief is fatally flawed. Simply put, the opening brief lacks coherence. While it nominally contains citations to legal authority and the record, we cannot ascertain from the appellant's opening brief or the record the facts that gave rise to the trial court request for an accounting, the possible differences between one party's version of facts and the other's, how those facts were presented in the court below, the key procedural details that culminated in the trial court's final decision, and how Raymond believes the trial court committed reversible error subject to our review. (See Cal. Rules of Court, rule 8.204(a) [detailing the required contents of briefs].)

Additionally, Raymond does not explain how and why various legal citations—which he has tacked on to all-caps run-on sentences—arguably apply to the facts and/or the evidence presented below. Parties must support their position on appeal with coherent arguments. (See *Berger v. Cal. Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.) We do not develop appellants' argument for them. (*In re Marriage of Marshall* (2018) 23 Cal.App.5th 477, 486.) "[I]n California we have consistently held self-represented litigants are held to the same standard of knowledge of law and

2

procedure as an attorney." (*Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 406, fn. 5.)

DISPOSITION

The trial court's rulings are affirmed.


\_\_\_\_\s\_____

HULL, Acting P. J.

We concur:


\_\_\_\_\s\_____

BOULWARE EURIE, J.


\_\_\_\_\s\_____

FEINBERG, J.